## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.                                    Bky Case No. 09-36760
                                                        Chapter 11

                    Debtor.

## NOTICE OF HEARING AND MOTION FOR AN ORDER EXTENDING
## THE PERIODS DURING WHICH DEBTOR MAY EXCLUSIVELY
## FILE AND GAIN ACCEPTANCE OF A PLAN

TO:    The entities specified in Local Rule 9013-3

1.    Schwing America, Inc. ("Debtor"), through its undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

2.    The court will hold a hearing on this motion at **1:30 p.m. on January 21, 2010**, before the Honorable Nancy C. Dreher, Courtroom 7W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Any response to this motion must be filed and served not later than January 15, 2010, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **Unless a response opposing the Motion is timely filed, the Court may grant the relief requested in the Motion without a hearing.**

4.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334 and Bankruptcy Rule 5005.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue of this proceeding and this Motion is properly in this district pursuant to 28 US.C. §§1408 and 1409.

5.      On September 28, 2009 (the "Petition Date"), Debtor filed with this Court a voluntary petition for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6.      Bankruptcy Code § 1121(c) provides that a debtor has the exclusive right to file a plan in the first 120 days after commencement of the case and a further 60 days within which to gain acceptance of that plan ("Exclusive Periods").  For the reasons stated below, Debtor seeks an extension of the Exclusive Periods to April 26, 2010 for filing of a plan and June 25, 2010 to seek confirmation of such plan.

7.      Debtor is a Minnesota corporation primarily engaged in the business of the manufacture and sale of concrete pumping and management equipment in North America.

8.       Debtor's sales in calendar year 2007 totaled $276 million and in 2008 dropped to $183 million.  Its sales for 2009 are expected to be approximately $61 million.

9.      The reason for the drop in Debtor's sales is the worldwide recession in construction spending.  Notwithstanding the significant erosion in sales, Debtor's management and its parent corporation believe that the business will rebound and be profitable in the future.

10.      Debtor is the U.S. subsidiary of Schwing GmbH.  Schwing GmbH is the parent of many other corporations engaged in business similar to that of Debtor in various parts of the world.  While these corporations' market shares vary, in all Schwing Group is the leading supplier of concrete pumping equipment in the world and has a reputation for quality products and service.

11.      Schwing Group is committed to its U.S. subsidiary.  It intends to provide the financial support necessary to bring Debtor through the downturn it is now experiencing.  It has

been providing that financial support to date by means of capital infusions to support operations. However, that means of funding cash shortfalls in Debtor's operations is no longer tenable.

12.    Schwing GmbH is financed by a consortium of European banks (the "European Banks"). The European Banks have agreed to stand still until March 31, 2010—that is, they will not require reduction in the principal amount of their loans until at least that time.

13.    In the meantime, the Debtor is in the process of seeking financing to take out the loans provided to the Debtor by Wells Fargo Bank and Bank of America. That financing will provide the cornerstone of the Debtor's plan. The Debtor is in discussions with four domestic lending sources, information has been provided to them, negotiations are progressing and feedback has been promised by all four lenders with two weeks.

14.    As an alternative, Schwing GmbH's Indian subsidiary, Schwing Stetter India Private, Ltd. ("Schwing India") is negotiating a transaction with its lender, ICICI Bank Ltd. ("ICICI") in which Schwing India would become a shareholder of Debtor and ICICI would provide additional financing sufficient to pay off Debtor's obligations to Lender. A term sheet for this transaction has been obtained, but the Debtor's believes that further negotiation is necessary to make this alternative attractive to the Debtor and its creditors.

15.    In light of the fact described above, to date the Debtor has not been in a position to propose a plan. It is critical that the Debtor be permitted the time necessary, consistent with the interests of its estate, to restructure its finances and operations in order to maximize the value of its estate and assure a successful emergence from Chapter 11 as a competitive business.

16.    The Debtor has made progress in restructuring its business and cutting costs which was necessary to developing and proposing a plan of reorganization. However, Debtor believes it is necessary to complete discussions on refinancing the Debtor's secured debt before a plan can be proposed.

3

17.     Although progress has been made in the Debtor's case, some work remains before the Debtor can develop a final business plan to bring its operations to profitability. This step also is necessary before Debtor will be able to develop and seek confirmation of a plan of reorganization that will be in the best interests of Debtor's estate.

18.     The Exclusive Periods designated by the code are insufficient in light of the circumstances of Debtor's case. Debtor continues to generate revenue and pay its bills as they come due. Debtor does not believe that administrative liabilities are accruing at the expense of other interested parties.

19.     Debtor asserts that it would be detrimental to the estate if Debtor's management has to prematurely contend with plans proposed by parties other than Debtor's management working together with its creditors and interest holders.

20.     Based on the facts herein and the accompanying Memorandum of Law, Debtor believes that cause exists to extend the Exclusive Periods because the extensions are necessary to facilitate a successful reorganization in this case.

21.     Debtor may offer the testimony of Brian Hazelton, its Chief Executive Officer, or Brian Mogensen, its Chief Financial Officer, if such is necessary in connection with this motion.

WHEREFORE, Debtor, through its undersigned attorneys, respectfully requests that this Court enter an order (1) granting an extension of the time in which Debtor has the exclusive right to file a plan to April 26, 2010, (2) granting an extension of time in which to gain acceptance of such plan to June 25, 2010, (3) acknowledging that such extensions are without prejudice to Debtor's right to seek further extensions in accordance with the code, and (4) granting such further relief as the Court deems appropriate.

Dated:  January 7, 2010

RAVICH MEYER KIRKMAN
McGRATH NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By      /e      Michael L. Meyer (72527)
                Will R. Tansey (323056)

4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Brian Mogensen, Chief Financial Officer of Debtor, declare under penalty of perjury that the facts set forth in the foregoing Notice of Hearing and Motion for an Order Extending the Periods during which Debtor may Exclusively File and Gain Acceptance of a Plan, are true and correct according to the best of my knowledge, information and belief.

Executed on: January 7, 2010

_____
Brian Mogensen

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.                              Bky Case No. 09-36760
                                                   Chapter 11
                          Debtor.

## MEMORANDUM OF LAW

Debtor submits this Memorandum in support of its Motion for an Order Extending the

Periods during which Debtor may Exclusively File and Gain Acceptance of a Plan ("Motion").

A hearing is scheduled on **January 21, 2010** to consider the motion.

### FACTS

The facts set forth in this memorandum are verified and supplemented by the facts stated

in the verified motion which are incorporated herein. Any capitalized terms used herein which

are not defined have the meaning ascribed to them in the Motion.

### LEGAL ARGUMENT

A.    **The Legal Standard**.

11 U.S.C. §1121 provides in part as follows:

§1121.  Who may file a plan

(a)    The debtor may file a plan with a petition
commencing a voluntary case, or at any time in a voluntary case or
an involuntary case.

(b)    Except as otherwise provided in this section, only
the debtor may file a plan until after 120 days after the date of the
order for relief under this chapter.

(c)    Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if --

(1)    a trustee has been appointed under this chapter;

(2)    the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3)    the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

(d)(1)  Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period of the 180-day period referred to in this section.

(2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B)    The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

Section 1121 of the Bankruptcy Code gives the Debtor the exclusive right to file a plan during the first 120 days after the order for relief.  11 U.S.C. §1121(b).  This 120 day period may be increased or reduced "for cause".  11 U.S.C. §1121(d).  As the movant, the Debtor bears the burden of proving the requisite cause exists for an extension of its statutory exclusivity periods. *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 643 (8th Cir.BAP 2003); *In re McLean Industries, Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987).  The decision whether or not to extend or shorten the Debtor's period of exclusivity rests within the discretion of the court.  *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 644 (8th Cir.BAP 2003).

2

Cause for purposes of Section 1121 is not defined in the Bankruptcy Code. *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 643 (8th Cir.BAP 2003). Whether cause exists depends on the particular circumstances of each case and its view of the purpose served by Section 1121 in the reorganization process. *Id.* at 643. One court has summarized its view of the legislative history of Section 1121 and subsection (d) in particular, this way:

> The 120-day exclusive period represents a compromise between the dual goals of giving the debtor time to reorganize and protecting the creditors legitimate interests. A bankruptcy court, considering whether to extend the exclusivity period, should consider these twin legislative goals. It should avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under old Chapter XI. (citation omitted).

*In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987).

As stated by the Bankruptcy Appellate Panel of the Eighth Circuit in *Hoffinger Industries*, the factors relevant to whether to grant an extension under §1121(d) include:

(1) the size of the debtor and the consequent additional difficulty in formulating a plan of reorganization;

(2) the need of the creditors' committee to negotiate with the debtor and the ability to prepare adequate information;

(3) the existence of good faith progress towards reorganization;

(4) the existence of an unresolved contingency;

(5) the fact that the debtor is paying bills as they become due;

(6) the length of previous extensions of exclusivity;

(7) breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors,

(8) the debtor's failure to resolve fundamental reorganization matters essential to its survival;

3

(9)    the gross mismanagement of the debtor.

*In re Hoffinger Industries, Inc.*, 292 B.R. 639, 643-4 (8th Cir.BAP 2003).

The above factors are merely the most common factors that have been considered in deciding whether to grant an extension. Courts should consider the totality of the circumstances and determine which of the above factors are relevant or particularly compelling on a case by case basis. **See** *generally In re Hoffinger Industries, Inc.*, 292 B.R. 639, 644 (8th Cir.BAP 2003).

**B.    Cause Exists for this Court to Extend the Debtor's Exclusive Periods**

Based upon the facts verified in the Motion and the foregoing law, Debtor contends that cause exists to extend the Exclusive Periods as sought by the Motion.

## CONCLUSION

Debtor respectfully requests that its Motion be granted.

Dated:  January 7, 2010                    RAVICH MEYER KIRKMAN
                                           McGRATH NAUMAN & TANSEY,
                                           A PROFESSIONAL ASSOCIATION

                                           By      /e  Michael L. Meyer (72527)
                                                   Will R. Tansey (0323056)

                                           4545 IDS Center
                                           80 South Eighth Street
                                           Minneapolis, MN 55402
                                           T (612) 332-8511

                                           ATTORNEYS FOR DEBTOR

4

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.                          Bky Case No. 09-36760
                                               Chapter 11

                    Debtor.

## UNSWORN CERTIFICATE OF SERVICE

  I, Michael L. Meyer, declare under penalty of perjury that on January 7, 2010, copies of Debtor's:

1.  Notice of Hearing and Motion for an Order Extending the Periods During Which Debtor May Exclusively File and Gain Acceptance of a Plan;

2.  Memorandum of Law; and

3.  Proposed Order;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated:  January 7, 2010  By:  /e/    Michael L. Meyer (72527)

      Ravich Meyer Kirkman McGrath
      Nauman & Tansey, P.A.
      4545 IDS Center
      80 South Eighth Street
      Minneapolis, MN 55402
      (612) 332-8511

      ATTORNEYS FOR DEBTOR

ELECTRONIC
MICHAEL R FADLOVICH
UNITED STATES TRUSTEE
1015 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

MINN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY / P O 64447
ST PAUL MN 55164

INTERNAL REVENUE SERVICE
ATTN SPECIAL PROCEDURES
WELLS FARGO PL STOP 5700
30 EAST SEVENTH
ST PAUL MN 55101

IRS DISTRICT COUNSEL
650 GALTIER PLAZA
380 JACKSON STREET
ST PAUL MN 55101

US ATTORNEY
600 U S COURHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

ELECTRONIC
SCHWING AMERICA INC
ATTN BRIAN MOGENSEN
5900 CENTERVILLE ROAD
ST PAUL MN 55127

ELECTRONIC
WELLS FARGO BANK NA
C/O DANIEL C BECK / MICHAEL A ROSOW
WINTHROP & WEINSTINE PA
225 SOUTH SIXTH STREET STE 3500
MINNEAPOLIS MN 55402

ELECTRONIC
BANK OF AMERICA
C/O DANIEL C BECK
WINTHROP & WEINSTINE PA
225 SOUTH SIXTH STREET STE 3500
MINNEAPOLIS MN 55402

ELECTRONIC
SCHWING GmbH
C/O ROBERT T KUGLER
LEONARD STREET AND DEINARD
150 SOUTH FIFTH STREET STE 2300
MINNEAPOLIS MN 55402

ELECTRONIC   (UCC)
CONSTRUCTION FORMS INC
ATTN TERRY SKEBBA
777 MARITIME DRIVE
P O BOX 308
PORT WASHINGTON WI 53074-0308

ELECTRONIC   (UCC)
KOLSTAD COMPANY
ATTN PAUL O'BRIEN
8501 NAPLES STREET NE
BLAINE MN 55449

ELECTRONIC   (UCC)
SAGA ADVERTISING & MARKETING INC
ATTN MARK JUNKERSFELD
570 OLD HWY 8 NW
NEW BRIGHTON MN 55112

ELECTRONIC (UCC ATTY)
THOMAS J FLYNN
LARKIN HOFFMAN DALY & LINDGREN LTD
1500 WELLS FARGO PLAZA
7900 XERXES AVENUE SOUTH
MINNEAPOLIS MN 55431

ELECTRONIC
ENGINEERED CHASSIS SYSTEMS LLC
C/O MICHAEL S DIETZ
DUNLAP & SEEGER PA
206 SOUTH BROADWAY   STE 505
P O BOX 549
ROCHESTER MN 55903-0549

ELECTRONIC
NUSS TRUCK GROUP INC
C/O MICHAEL S DIETZ
DUNLAP & SEEGER PA
206 SOUTH BROADWAY   STE 505
P O BOX 549
ROCHESTER MN 55903-0549

ELECTRONIC
CONSTRUCTION FORMS INC
C/O DANIEL W BOERIGTER
YOST & BAILL LLP
220 SOUTH SIXTH STREET   STE 2050
MINNEAPOLIS MN 55402

ELECTRONIC
CONSTRUCTION FORMS INC
C/O ROBERT BRESSLER / MICHAEL SMALL
FOLEY & LARDNER LLP
321 NORTH CLARK STREET   STE 2800
CHICAGO IL 60654

ELECTRONIC
BOLLIBOKKA LAND COMPANY
C/O JEFFREY A KRIEGER
GREENBERG GLUSKER FIELDS
  CLAMAN & MACHTINGER LLP
1900 AVENUE OF THE STARS   STE 2100
LOS ANGELES CA 90067

ELECTRONIC
VW CREDIT, INC.
C/O JOE M LOZANO JR
BRICE VANDER LINDEN & WERNICK PC
9441 LBJ FREEWAY   STE 350
DALLAS TX 75243

ELECTRONIC
DALLAS COUNTY
C/O ELIZABETH WELLER
LINEBARGER GOGGAN BLAIR & SAMPSON
2323 BRYAN STREET   STE 1600
DALLAS TX 75201

ELECTRONIC
FCC EQUIPMENT FINANCING INC
C/O MONICA L CLARK / MICHELLE KREIDLER DOVE
DORSEY & WHITNEY LLP
50 SOUTH SIXTH STREET   STE 1500
MINNEAPOLIS MN 55402-1498

ELECTRONIC
ISTATE TRUCK INC
C/O LEE A HENDERSON
HESSIAN & McKASY PA
4000 CAMPBELL MITHUM TOWER
222 SOUTH NINTH STREET
MINNEAPOLIS MN 55402

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

SCHWING AMERICA, INC.                          Bky Case No. 09-36760
                                                            Chapter 11

                          Debtor.

---

**ORDER**

---

This matter came on for hearing on the Debtor's Motion for an order extending the periods during which debtor may exclusively file and gain acceptance of a plan.  Appearances were as noted on the record.  There being no objection to the motion by the United States Trustee or any other party in interest, and the court having determined that cause exists for granting the Debtor an extension of time to file and gain approval of a plan of reorganization, it is hereby:

ORDERED:

1.      That the Motion is granted;

2.      That the Debtor's exclusive right to file a plan is extended from the expiration of the initial expiration of the 120 day period provided by 11 U.S.C. §1121(b) to April 26, 2010;

3.      That the Debtor's exclusive right to gain acceptance of a plan provided by 11 U.S.C. §1121(c)(3) is extended to June 25, 2010; and

4.      That this order is without prejudice to the Debtor's right to seek a further extension of such periods.

Dated:

                                            _____
                                            Nancy C. Dreher
                                            United States Bankruptcy Court

\\rmk\rmkcommon$\home\lori\wpdata\41653 schwing america\bank\exclusivity-ord.doc