UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                )
                                      )
    SCHWING AMERICA, INC.             )    Bky # 09-36760
                                      )
                                      )    Chapter 11 Bankruptcy Case
                                      )
_____

NOTICE OF HEARING ON
MOTION TO DISMISS OR CONVERT
_____

TO: The debtors, all creditors and other parties in interest:

A motion has been filed by the United States Trustee to dismiss or convert the above-captioned case.

On Thursday, March 18, 2010, at 3:30 p.m. before the Honorable Nancy C. Dreher, Chief U.S. Bankruptcy Judge, in Courtroom 7 West, U.S. Bankruptcy Court, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, the Court will hold a hearing to determine whether this case should be dismissed or converted.

Any response to this motion must be filed and delivered not later than March 13, 2010, which is five days before the time set for the hearing, including Saturdays, Sundays, and holidays. See Fed.R.Bankr.P. 9006 and Loc. R. Bankr. P. 9006-1(c), as amended December 1, 2009. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

Dated: _____          CLERK OF BANKRUPTCY COURT

                                      By: _____
                                          Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| In re: ) | |
| ) | |
| SCHWING AMERICA, INC. ) | Bky # 09-36760 |
| ) | |
| ) | Chapter 11 Bankruptcy Case |
| ) | |

_____

NOTICE OF HEARING AND
MOTION TO DISMISS OR CONVERT CASE
_____

TO: The debtors and other entities specified in Local Rule 9013-3.

1. Habbo G. Fokkena, the United States Trustee, by his undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2. On Thursday, March 18, 2010, at 3:30 p.m. before the Honorable Nancy C. Dreher, Chief U.S. Bankruptcy Judge, in Courtroom 7 West, U.S. Bankruptcy Court, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, the Court will hold a hearing to determine whether this case should be dismissed or converted.

3. Any response to this motion must be filed and delivered not later than March 13, 2010, which is five days before the time set for the hearing, including Saturdays, Sundays, and holidays. See Fed.R.Bankr.P. 9006 and Loc. R. Bankr. P. 9006-1(c), as amended December 1, 2009. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1. The United States Trustee has standing to file this motion pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 307. This matter constitutes a core

proceeding.

5. This case was commenced by the filing of a petition for relief on September 29, 2009. The case is now pending before this court.

6. This motion arises under 11 U. S. C. § 1112(b) and FED. R. BANKR. P. 1017 and 2002. This motion is filed under FED. R. BANKR. P. 9014 and Local Rules 9013-1 through 9013-3. Movant requests that this case be dismissed or converted to a case under chapter 7.

7. Pursuant to 11 U.S.C. § 1112(b), the Court may dismiss or convert a chapter 11 case for cause after notice and a hearing. Section 1112(b)(4) states that cause for dismissal or conversion to chapter 7 includes, among other things:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144 ;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

FACTS

8. The Debtor is engaged in the manufacture and sale of concrete pumps and related equipment for the construction industry. The Debtor is a subsidiary of Schwing, GmBH, a German company.

9. On January 21, 2010, the court ruled on a motion by the Debtor to extend the period during which the Debtor would have the exclusive right to file a plan and disclosure statement. The court gave the Debtor until April 26, 2010 and, if the Debtor were to meet that deadline, it was given until June 25, 2010, to obtain confirmation of a plan. That order further provides that the Debtor is not precluded from seeking further extensions of those deadlines.

10. On February 1, 2010, the court heard a contested motion for authority to use the cash collateral of creditors, including Wells Fargo Bank and Bank of America (Secured Creditors). The court ordered that the Debtor could use cash collateral of the Secured Creditors, up to $6,190,000, from February 6, 2010 through April 2, 2010. The Debtor's authority to use cash collateral ends on April 2, 2010.

11. At the hearing on the cash collateral motion, testimony was received from, *inter alia*, Brian Hazelton, the Debtor's Chief Executive Officer. Mr. Hazelton testified that the Debtor has lost money in October, November and December, 2009, and in fact lost money in every month of calendar year 2009. Mr. Hazelton further testified that the debtor was not purchasing inventory on a regular basis.

12. At the cash collateral hearing, the Debtor also represented that it was engaged in efforts to find new financing to replace the loans from the Secured Creditors. The Debtor has described negotiations with entities in India which are controlled by the Debtor's parent company and other efforts to obtain financing. On information and belief, those efforts by the Debtor are ongoing but have not yet been successful.

13. As required of all chapter 11 debtors, the Debtor filed Monthly Operating Reports (MORs) with the United States Trustee. The MORs cover October, November and December 2009, and January 2010. The original MORs are signed under oath by Debtor's Chief Financial Officer and remain in the possession of the U.S. Trustee.

14. The Debtor's MOR for January 2010 states: "Upcoming Events: Will file a motion to extend the use of cash at the end of March".

15. Attached is the February 23, 2010, affidavit of Laddy Janovsky, Bankruptcy Analyst for the U.S. Trustee (Janovsky Affidavit). The Janovsky Affidavit summarizes information contained in Debtor's MORs.

16. The Janovsky Affidavit shows that the Debtor's Cost of Goods Sold exceeded its Gross Income in three of the last four months and, most recently, in January 2010, Gross Income exceeded CGS by less than one and one half percent.

17. The Janovsky Affidavit also shows that accounts receivable and inventory are being depleted, liabilities are increasing and the Debtor consistently has millions of dollars in operating losses each month.

## MOTION TO CONVERT

18. Cause exists to immediately convert this case to one under chapter 7 due to the ongoing losses to and diminution of the estate, an absence of any reasonable likelihood of rehabilitation and an inability to effectuate a plan.

19. The Debtor, court and other parties to this case have spent much time and energy analyzing the cash collateral level of the Secured Creditors. On April 2, 2010, when authority to use cash collateral expires, the parties and court will again be faced with the issue of whether the Debtor should be allowed to continue in business. It should not because it appears the Debtor has

no ability whatsoever to reorganize, regardless of whether or not there is an "equity cushion" for Secured Creditors.

20. The MORs show that the Debtor is selling its products for less than they costs to produce. In three of the last four months, Debtor's Cost of Goods Sold exceeded Gross Revenue. In the one month that CGS did not exceed Gross Revenue, it fell short of Gross Revenue by less than 1.5%. As a result, obtaining new financing is irrelevant since the Debtor is not covering the costs of materials used to produce its products. If the Debtor's German parent company or some other entity were to make a cash infusion which fully satisfied the claims of the Secured Creditors and it agreed to treat that cash infusion as equity, the Debtor would still come up short every month and it would not change the fact that gross sales do not cover Debtor's cost of goods sold. As a result, the Debtor is completely unable to reorganize under chapter 11. Hence, there is an absence of a reasonable likelihood of rehabilitation and an inability to effectuate a plan. The inability to effectuate a plan is cause for conversion to chapter 7. See 11 U.S.C. §1112(b)(4)(M).

21. Also, although there have already been substantial losses to and a diminution of the estate, those losses will be exacerbated if the case is not immediately converted to chapter 7. At present, there is an equity cushion that can provide the basis for repaying unsecured creditors. That equity cushion is going down by over a million dollars a month. If the Debtor is allowed to engage in further litigation over the value of Secured Creditors' collateral, the costs of that litigation may consume whatever remaining unencumbered equity now exists. At the February 2, 2010 contested cash collateral hearing, the Secured Creditors brought in valuation experts from around the country and from all appearances, incurred very substantial expenses in that litigation. On information and belief, those expenses will be added to the Secured Creditors' claim, thereby diminishing both the equity cushion and also the ultimate recovery by unsecured creditors. No purpose would be served

by the Debtor again going through that exercise.   Unless the case is converted to chapter 7 on or before April 2, 2010 when Debtor's authority to use cash collateral expires, there will be a further diminution of the estate resulting from the incurrence of substantial unnecessary costs for again addressing cash collateral issues.   Those cost will be in addition to the ongoing losses from operations.  The ongoing losses to and diminution of the estate are cause for immediate conversion to chapter 7 under 11 U.S.C.  §1112(b)(4)(A).

## CONCLUSION

22.  Based on the foregoing, cause exists to convert this case to chapter 7 under 11 U.S.C. §1112(b).  The court should immediately order the case converted to chapter 7.

23.   If necessary, the United States Trustee intends to call as a witness the following individuals:

> Laddy Janovsky, Bankruptcy Analyst
> Office of the U.S. Trustee
> 1015 U.S. Courthouse
> 300 South Fourth Street,
> Minneapolis, MN 55415

Mr. Janovsky will testify to the ongoing losses to and diminution of the estate, as shown on the Debtor's monthly operating reports.   He will further testify regarding the facts set forth in this motion.

24. The Debtor is not  persons described in 11 U.S.C. § 1112(c).  The Debtors is qualified to be a debtor under chapter 7.

25.  The United States Trustee believes that the foregoing constitutes cause for conversion or dismissal of the case.  The United States Trustee believes that conversion of the case to chapter 7 is in the best interest of the estate and its creditors because it will assure unsecured creditors of the best possible recovery on their claims.

WHEREFORE, the United States Trustee moves the Court for an order converting this case

to chapter 7 and for such other relief as may be just and equitable. The United States Trustee submits that the cases should be converted to chapter 7 immediately.

Dated: February 23, 2010

                                      HABBO G. FOKKENA
                                      United States Trustee
                                        Region 12

                    By:          s/ Michael R. Fadlovich
                                        MICHAEL R. FADLOVICH
                                        Attorney/Advisor
                                        MN Attorney I.D. No. 158410
                                        United States Trustee's Office
                                        1015 U.S. Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        (612) 664-5500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                    )
                                          )
    SCHWING AMERICA, INC.                 )    Bky # 09-36760
                                          )
                                          )    Chapter 11 Bankruptcy Case
                                          )

## AFFIDAVIT OF LADDY JANOVSKY IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 7

Laddy Janovsky, being duly sworn and under oath, states as follows:

1. I am a Certified Public Accountant and work as a Bankruptcy Analyst in the Office of the United States Trustee in Minneapolis. As such, I am responsible for reviewing financial disclosures and Monthly Operating Reports filed by Chapter 11 debtors in possession.

2. As part of my duties, I am responsible for and have reviewed financial documents and monthly operating reports in the above entitled case. Based on that review, I am submitting this affidavit in support of the U.S. Trustee's motion to convert this case to chapter 7.

3. I have reviewed the Debtor's Monthly Operating Reports for October, November and December, 2009, as well as January, 2010. This includes the December 2009 report which was amended. The original Operating Reports were signed under oath by Brian Mogenson, the Debtor's Chief Financial Officer and those originals remain in my possession.

4. For the months of October 2009 through January 2010, I compared the Debtor's revenue with its cost of goods sold to determine the gross margin on sales. For October, November and December, 2009, the Debtor's cost of goods sold exceeded revenue so that the

gross margin was a negative figure while January was positive. Those figures were as follows:

| Month | Gross Margin |
|---|---|
| October 2009 | -9.94% |
| November 2009 | -14.10% |
| December 2009 | -192.23% |
| January 2010 | + 1.47% |

5. Attached hereto is Exhibit A which I prepared by consolidating relevant figures on from the Debtor's Monthly Operating Reports. Those figures are the basis for the above calculations.

6. A company with a negative gross margin is selling its product at a price that is less than the cost to produce the product.

7. In addition, Exhibit A shows that over the past four months while in chapter 11, there has been a reduction in Debtor's accounts receivable, a reduction in its inventory and a reduction in its total assets. Further, there has been an increase in the Debtor's total liabilities by the amount shown.

THIS CONCLUDES MY AFFIDAVIT

_____
LADDY JANOVSKY

Sworn and subscribed to before
me this 23rd day of February, 2010.

_____
Notary Public

MICHAEL R. FADLOVICH
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2011

Case Name: Schwing America
Case Number: 09-36760
Petition Date: 9/28/2009

**MONTHLY FINANCIAL REPORT ANALYSIS**

| Month | Cash | Accounts Receivable | Inventory | Current Assets | Total Assets | Total Liabilities | Owners' Equity |
|---|---|---|---|---|---|---|---|
| Sep-09 | | | | | | | |
| Oct-09 | $ 1,657,980.00 | $ 10,383,857.00 | $ 73,405,404.00 | $ 90,871,142.00 | $ 109,526,564.00 | $ 91,837,302.00 | $ 17,689,262.00 |
| Nov-09 | $ 3,644,176.00 | $ 10,244,990.00 | $ 71,440,772.00 | $ 89,695,053.00 | $ 108,185,850.00 | $ 92,837,829.00 | $ 15,348,021.00 |
| Dec-09 | $ 6,197,961.00 | $ 10,118,643.00 | $ 67,281,342.00 | $ 85,047,959.00 | $ 101,149,398.00 | $ 96,322,343.00 | $ 4,827,055.00 |
| Jan-10 | $ 4,796,625.00 | $ 9,885,279.00 | $ 66,630,988.00 | $ 83,740,357.00 | $ 99,685,679.00 | $ 96,134,089.00 | $ 3,551,589.00 |

EXHIBIT A

| Gross Revenues | Less Discounts and Returns | Cost of Goods Sold | Gross Profit | Gross Margin | Total Expenses | Amort & Dep. | Legal/ Interest | Net Operating Income/(Loss) |
|---|---|---|---|---|---|---|---|---|
| $ 3,901,035.00 | $ 422,410.00 | $ 3,866,285.00 | $ (387,660.00) | -9.94% | $ 479,516.00 | $ 163,213.00 | $ 442,487.00 | $ (1,472,876.00) |
| $ 3,079,108.00 | $ 119,444.00 | $ 3,393,887.00 | $ (434,223.00) | -14.10% | $ 1,173,374.00 | $ 162,963.00 | $ 570,685.00 | $ (2,341,245.00) |
| $ 2,898,691.00 | $ 125,391.00 | $ 8,345,546.00 | $ (5,572,246.00) | -192.23% | $ 2,342,408.00 | $ 88,342.00 | $ 517,971.00 | $ (8,520,967.00) |
| $ 2,337,664.00 | $ 277,879.00 | $ 2,025,491.00 | $ 34,294.00 | 1.47% | $ 1,147,416.00 | $ 153,844.00 | $ 8,500.00 | $ (1,275,466.00) |

EXHIBIT A

## VERIFICATION

      I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: February 23, 2010        Signed:  s/Michael R. Fadlovich
                                                             MICHAEL R. FADLOVICH
                                                             Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                )
                                      )
SCHWING AMERICA, INC.                 )         Bky # 09-36760
                                      )
                                      )         Chapter 11 Bankruptcy Case
                                      )
_____

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONVERT OR DISMISS
_____

The United States Trustee, by the undersigned attorney, submits this memorandum in support of the motion to dismiss this case or convert it to a Chapter 7 case.

A proceeding to dismiss a case or convert a case to another chapter is governed by 11 U.S.C. § 1112 and FED R. BANKR. P. 9014. A request for dismissal or conversion of a case shall be made by motion. A motion to dismiss or a motion to convert a case shall be deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate. Local. R. Bankr. P. 1017-2. A case may be converted to a Chapter 7 case if the debtor may be a debtor under Chapter 7. 11 U.S.C. § 1112(f).

Under 11 U.S.C. §1112(b), the specific requirements for the conversion or dismissal of a chapter 11 case are set forth. That section provides that cause includes the following:

(4) for purposes of this subsection, the term "cause" includes
    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
    (B) gross mismanagement of the estate;
    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
    (E) failure to comply with an order of the court;
    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
    (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .
    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
    (J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,
    (K) failure to pay any fees or charges required under chapter 123 of title 28;
    (L) revocation of an order of confirmation under section 1144 ;
    (M) inability to effectuate substantial consummation of a confirmed plan;
    (N) material default by the debtor with respect to a confirmed plan;
    (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
    (P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

11 U.S.C. §1112(b).

  Cause for conversion or dismissal is not limited to the reasons expressed in §§ 1112(b), (e). 11 U.S.C. 102(3); Moody v. Security Pac. Business Credit, Inc., 85 B.R. 319, 352-53 (W.D. Pa. 1988). In this case, cause is based on information in the monthly operating reports and the debtor's plan and disclosure statement, as described in the U.S. Trustee's motion.

  "The purpose of §1112(b)(1) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." Loop v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir 2004), citing In re Lizeric Realty Corp, 188 B.R. 499, 503 (Bankr. S.D. N.Y 1995). The parties to a case are entitled to rely on facts established in the record in making a case for conversion or dismissal under §1112(b). Loop, at 518.

  In the present case, the debtor has incurred substantial losses from operations. It has also incurred substantial losses defending the assertions by secured creditors that they are undersecured. Remaining under chapter 11 and incurring unnecessary administrative expenses when there is no likelihood of rehabilitation is cause for immediate conversion. Consequently, cause exists to

immediately convert the case to chapter 7 or to dismiss the case.

                                          Respectfully submitted,
                                          HABBO G. FOKKENA
                                          United States Trustee

Dated   February 23, 2010               By    s/Michael R. Fadlovich
                                                         MICHAEL R. FADLOVICH
                                                         Trial Attorney
                                                         MN Attorney I.D. No. 158410
                                                         U.S. Trustee's Office
                                                         1015 U.S. Courthouse
                                                          300 South Fourth Street
                                                         Minneapolis, MN  55415
                                                         (612) 664-5500

# CERTIFICATE OF SERVICE

In re:                                    )
                                          )
    SCHWING AMERICA, INC.          )     Bky # 09-36760
                                          )
                                          )     Chapter 11 Bankruptcy Case
                                          )

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on February 24, 2010, he caused to be served a copy of the attached: United States Trustee's Motion to Convert Case to Chapter 7 or to Dismiss case, with supporting Memorandum, Proposed Order, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota. Other parties were served via the court's CM/ECF system.

**Michael L Meyer**
Ravich Meyer Kirkman McGrath Nauman
4545 IDS Center
80 South Eighth St.
Minneapolis, MN 55402

Thomas Flynn
Larkin Hoffman Daly & Lindgren
7900 Xerxes Ave South
Suite1500
Bloomington, MN 55431

Construction Forms,Inc.
777 Maritime Drive
PO Box 308
Port Washington, WI 53074

Dan Beck, Eqq.
Winthrop & Weinstein
Suite 3500
225 S. Sixth Street
Minneapolis, MN 55402-4629

**SCHWING AMERICA, INC.**
5900 CENTERVILLE ROAD
ST. PAUL, MN 55127

**Kolstad Company, Inc.**
8501 Naples St NE
Blaine, MN 55449

Saga Advertising & Marketing Inc.
570 Old Hwy 8 NW
New Brighton, MN 55112

**By:** **e/Michael R. Fadlovich**
Michael R. Fadlovich
Trial Attorney
MN Atty I.D. No. 158410
U.S. Trustee's Office
300 South Fourth St., #1015
Minneapolis, MN 55415
(612) 664-5500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                  )
                                        )
SCHWING AMERICA, INC.                   )       Bky # 09-36760
                                        )
                                        )       Chapter 11 Bankruptcy Case
                                        )
_____

O R D E R
_____

The above-entitled chapter 11 cases came before the court on the Motion of the United States Trustee seeking an order dismissing or converting the case to one under chapter 7. Michael R. Fadlovich appeared on behalf of the U.S. Trustee. Other appearances were as noted in the record.

Based upon the motion filed by the U.S. Trustee, the findings of the court on the record, and all of the files, records and proceedings herein, it is hereby ORDERED:

That the chapter 11 case of Schwing America, Inc. is converted to chapter 7.

_____
NANCY C. DREHER
Chief United States Bankruptcy Judge