UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:	Case No. 09-36760
	Chapter 11

Schwing America, Inc.,	**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (1) SUPPORTING DEBTOR'S MOTION FOR THE CONTINUED USE OF CASH COLLATERAL AND (2) IN OPPOSITION OF THE MOTION TO DISMISS OR CONVERT**

Debtor.

INTRODUCTION

The Committee of Unsecured Creditors (the "Committee") by and through its counsel, hereby submits this response (i) to Debtor's motion for the continued use of cash collateral, and (ii) to the United States Trustee's motion to convert or dismiss the case. The Committee supports the Debtor's motion for continued use of cash collateral, and opposes the motion for conversion or dismissal.

This matter is set for hearing before this court on Thursday, April 1, 2010, at 11:00 a.m. The basis for the Committee's position is set forth more fully below.

FACTS AND PROCEDURAL HISTORY

A. Background

The Debtor, having filed for Chapter 11 in the fall of 2009, continues to operate as debtor-in-possession. It is in the process of trying to reorganize by (i) refinancing and taking out its primary secured lender, Wells Fargo Bank, and (ii) finding loans or additional working capital to pay off the general unsecured creditors. The Committee has been diligently following this

1

case. It believes that there is equity in the Debtor, as measured by the debt owed to Wells Fargo Bank and the value of the company's assets (in an orderly liquidation).

Since the filing the Debtor has, no question, lost net value in its assets. Disputes and discussions have ensued concerning the amount of the net asset value remaining, and the ability of the Debtor to continue to operate with positive cash flow and reorganize.

Being concerned with these issues, the United States Trustee's office has brought a motion to convert or dismiss. Wells Fargo Bank is seeking to discontinue the use of cash collateral (or otherwise modify its use going forward).

B. Position of the Committee

The Committee has reviewed the motions of the United States Trustee, the financial analysis and all relevant motions, attachments, accountings and projections prepared by the parties. Based upon the Committee's analysis, along with its extensive discussions with the Debtor, it has concluded, *inter alia,* the following:

1. There remains a material cushion, at orderly liquidation, adequately protecting the bank. In addition, the bank is receiving approximately $160,000 a month in full interest payments. This is sufficient adequate protection.

2. The Debtor is on the verge of obtaining appropriate financing to (i) pay Wells Fargo Bank, and (ii) obtain sufficient working capital in order to reorganize.

3. The Debtor should be held to its deadline to file a plan within the currently extended exclusivity period and obtain a bank loan commitment to take Wells Fargo out. This deadline is currently on or about April 26, 2010. The Committee agrees that this deadline should be maintained.

C. <u>Financial Analysis</u>

This court held a substantial hearing in which it determined that there was material equity in the Debtor's assets as measured by the orderly liquidation value of the Debtor's assets. The Committee, having done its own analysis, agrees with the Court and believes that this cushion continues to exist.

There is no question that the Debtor has been through its worst time of the year. Historically in this industry, January and February are the industry's worst months. The Debtor has projected increased sales going forward, especially during the summer and fall months. This would be consistent with industry expectations and is consistent with the Committee's opinion on what the Debtor should be able to achieve. In fairness, the Debtor's projections attached to its cash collateral motion (Exhibit C) are somewhat incomplete. However, the Committee was able to discuss the matter completely with the Debtor and its CFO (it should be noted here that at least one of the members of the Committee is a CPA, and others have accounting experience). After discussions and explanations by the CFO and the president of the Debtor, along with the Debtor's counsel, the Committee believes that it should be able to cash flow positively in the next 60 to 90 days, and begin to gain asset value thereafter. In the meantime, losses of value of the company's net assets are not material enough to derail the potential of reorganization at this point (i.e., the bank remains adequately protected).

Wells Fargo Bank's and the United States Trustee's concern about reports showing the Debtor's inability to show a gross profit is irrelevant. In fact, the inability to show a profit at GAAP is also not useful information. What is important is whether or not, at orderly liquidation, the collateral value is diminishing below the value of the Wells Fargo Bank loan. As stated above, the Committee (and at an earlier hearing, this Court) believes that it is not so diminished.

In fact, going forward, the values are about to begin to go back up. Furthermore, the reason the Debtor has been unable to show gross profit (again, at GAAP) is based upon historical costs and inefficiencies in the past. As this Court is well aware, historical costs are irrelevant once you've filed a Chapter 11. Using the theory of "sunk cost," it does not matter what the inventory costs were pre-filing. It matters only that the inventory can be sold for greater than its current value at orderly liquidation. They are clearly selling inventory for more than its current value at orderly liquidation. Therefore, liquidation would be inappropriate. This is classic bankruptcy analysis and is the only relevant inquiry at this stage.

Having stated that the Committee supports the Debtor, it balances its position by keeping the Debtor's "feet to the fire" by asking this court to retain the current deadlines, to obtain a firm commitment to take Wells Fargo out, and file its plan of reorganization all on or before April 26, 2010.

CONCLUSION

The Committee of Unsecured Creditors asks this court to allow the Debtor to operate using cash flow under its prior agreements with Wells Fargo Bank. The Committee also requests that this court retain current deadlines for the filing of a plan. However, the Committee is convinced that the Debtor has a reasonable likelihood of reorganizing, obtaining a loan and moving into the summer months with positive cash flow. By doing so, it can build the value of its assets. The Committee feels that the unsecured creditors are, of course, far better off with a reorganized Debtor. It is therefore requested that this court continue to allow the use of cash collateral and, at least for now, deny the United States Trustee's motion to convert or dismiss.

Respectfully submitted,

Dated:  March 26, 2010         */e/ Thomas J. Flynn*
                               Thomas J. Flynn (30570)
                               Larkin Hoffman Daly & Lindgren Ltd.
                               1500 Wells Fargo Plaza
                               7900 Xerxes Avenue South
                               Minneapolis, Minnesota 55431-1194
                               (952) 835-3800

                               Attorneys for the Official Unsecured Creditors' Committee

1298737.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Schwing America, Inc.

Debtor.

Case No. 09-36760
Chapter 11

**CERTIFICATE OF SERVICE**

Under penalty of perjury, the undersigned hereby declares that on March 26, 2010, in connection with the above-referenced matter, the following documents:

- RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (1) SUPPORTING DEBTOR'S MOTION FOR THE CONTINUED USE OF CASH COLLATERAL AND (2) IN OPPOSITION OF THE MOTION TO DISMISS OR CONVERT

were filed via ECF, and all parties entitled to service under Local Rule 9013-3(b) will be served by ECF.

Dated: March 26, 2010           /e/ Alan E. Brown

1298737.1