IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| Schwing America, Inc. | Case No. 09-36760 |
| Debtor. | |

**ORDER AUTHORIZING USE OF CASH COLLATERAL**

This matter came on for hearing on April 1, 2010 on Debtor's Motion for Order (I) Authorizing Debtor to Use Cash Collateral; (II) Granting Adequate Protection; (III) Authorizing Continuation of Debtor's Warranty Program; and (IV) Authorizing the Filing of Documents under Seal (the "Motion") filed by Schwing America, Inc. (the "Debtor"). Based on the documents on file with the Court and the agreement of the parties read into the record at the hearing,

IT IS ORDERED:

1. From April 3, 2010 through April 27, 2010, Debtor is authorized to use the cash collateral subject to the security interest of Wells Fargo Bank, National Association and Bank of America, N.A. (together, the "Lender") in the amount of $2,532,000 for the uses set forth on the projections attached to the Motion as Exhibit A and for the real estate tax escrow authorized below, provided that no expenses that arose before the commencement of the case shall be paid unless otherwise permitted by Order of this Court.

2. As a condition of the use of cash collateral authorized above, the Debtor shall, and is permitted under 11 U.S.C. 364(b) to, borrow $1 million from its parent, Schwing GMBH (the "Loan"). The funding of that loan shall occur no later than April 8, 2010. The Loan shall be unsecured and shall be subordinate to all obligations of the Debtor to the Lender and all other

administrative expenses in this case. The Loan shall be deposited in the Debtor's collateral account and be available to pay the Debtor's operating expenses as other cash collateral under this Order. The Lender shall have a replacement lien on the Loan proceeds as adequate protection for the Debtor's past and future use of cash collateral.

3. As adequate protection to the extent of use of Lender's cash collateral, Debtor is authorized to and shall:

 a. Grant to Lender a replacement lien in Debtor's post-petition assets, which lien shall have the same priority, dignity and effect as Lender's prepetition lien on the prepetition property of Debtor (the replacement liens identified in this Order are deemed to have been granted, effective and perfected, without any further act by any party);

 b. Escrow with the Lender each month 1/12 of the annual real estate taxes on the Debtor's real property located at 5900 Centerville Road, White Bear Lake, MN (the "Real Property");

 c. Pay interest to the Lender by the first day of each month for the prior month;

 d. Maintain property and casualty insurance on the Collateral as required in Lender's Loan Documents.

 e. Provide the following reporting to Lender:

  i. Copies of the Debtor's monthly reports to the US Trustee,

  ii. Weekly reports on the collection and use of cash collateral by Friday of the following week,

  iii. Debtor's monthly financial statements, including its subsidiaries, produced in the ordinary course of Debtor's operations, but no later than 30 days after month-end,

      iv.      Debtor's monthly standard SAP inventory download when it becomes available, but no later than 30 days after month-end,

      v.      A signed borrowing base certificate within 30 days of each month-end, and

      vi.      Weekly reports on the Lender's collateral position to be provided by Friday of the following week, including:

          (1)      Inventory (using the borrowing base certificate form, but using ineligibles from the prior monthly borrowing base certificate),

          (2)      An accounts receivable aging,

          (3)      Sales of pump truck inventory, including a listing of each item sold and the identity of the buyer, which report shall be kept confidential by Lender; and

          (4)      A listing of all inventory sold to insiders and the price at which it was sold.

    f.      Provide Lender with reasonable access to collateral for purposes of collateral inspection, audit and appraisal;

    g.      In future motions for approval of use of cash collateral, report new finished goods inventory separately from used inventory and show a reconciliation of actual collateral values to those previously projected.

    h.      Remain within the borrowing base formula in effect on at the commencement of the case; and

    i.      Provide the Lender with copies of any term sheet or commitment letter relating to refinancing of the Lender's claims.

4. All cash collateral of the Lender collected by Debtor which is not used under the terms of this Order shall be deposited by Debtor with the Lender and remain segregated from Debtor's other cash.

5. All cash collateral in the possession of the Lender as of the date of this Order or collected thereafter shall be turned over to Debtor.

6. Debtor shall not sell inventory to insiders of Debtor, including but not limited to the following insiders, except in cash transactions and at market prices:

> Schwing Hydraulik, Schwing Brazil, Schwing Austria, Schwing Gmbh, Schwing Stetter UK, Schwing Shanghai, Schwing Stetter Gmbh, Schwing Stetter S.A., Schwing Stetter India, Schwing Stetter Skandinavian, Schwing Bioset Technologies, Schwing Bioset Inc., Schwing Mexico, Schwing Stetter Iberica, Schwing Stetter baumaschinen, Stetter GmbH, Schwing Brasilien, Schwing St. Stefan, Schwing Stetter Frankr., Schwing Stetter Wien, Schwing Stetter Niederl., Schwing Stetter Ostrava, Schwing Properties and Concrete Pump Repair.

7. Debtor's cumulative expenses in any category on Exhibit A shall not exceed 110% of the expenses projected in that category, subject to the overall limitation on use of cash collateral set in paragraph 1 of this Order.

8. In the event the adequate protection provided by this Order fails to protect Lender's security interest, Lender shall be entitled to the protections accorded by 11 U.S.C. § 507(b).

9. In the event Lender believes that Debtor has not complied with the terms of this Order, Lender shall be entitled to an expedited hearing on whether Debtor's use of cash collateral will continue.

10. The Debtor is authorized, but not directed, to honor all prepetition obligations arising from its Warranty Program based on warranty claims asserted by parties who are not insiders of the Debtor through April 27, 2010, in the ordinary course of its business, in the same

manner and on the same basis as the Debtor honored such obligations prior to the commencement of its chapter 11 case, provided that the aggregate book value of inventory used to honor those claims from the commencement of the case shall not exceed $420,000.

11. The motion of the United States Trustee, joined by the Lender, for conversion or dismissal of this case is continued to 2:00 p.m. on April 27, 2010, at which time the Court will also hear any further motion of the Debtor for use of cash collateral. Any use of cash collateral before and after April 27, 2010, shall be conditioned on the following:

    a. The Debtor shall file a plan and disclosure statement by April 26, 2010, which provides for full payment of the Lender upon confirmation of the plan and which is backed by written commitments for funding of at least $35 million for the Debtor at confirmation of the plan;

    b. The Loan is funded into Debtor's account at Wells Fargo Bank by April 8, 2010;

    c. Subject to the Court's calendar, the disclosure statement shall be approved no later than June 1, 2010; and

    d. Subject to the Court's calendar, the plan shall be confirmed no later than July 6, 2010.

If the Debtor loses the right to use cash collateral for one of the reasons listed above, the Debtor shall not seek further use of cash collateral and shall not sell the Lender's collateral without the Lender's written consent.

12. The Debtor, its officers, employees and agents are authorized to take such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

13. This Order is effective immediately.

Dated: April 1, 2010

/e/ Nancy C. Dreher

Nancy C. Dreher
ChiefUnited States Bankruptcy Court

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/01/2010*
Lori Vosejpka, Clerk, by KK