UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.

      Debtor(s).

) Chapter 11 Case
) Bankruptcy No. 09-36760
)
) <u>UNITED STATES TRUSTEE'S</u>
) <u>REPORT AND RECOMMENDATION</u>
) <u>AGAINST EMPLOYMENT</u>
)
)
)

  The United States Trustee, through his undersigned attorney, hereby files this report and recommendation in opposition to approval of the employment of KPMG, LLP (KPMG) as Auditors and Tax Consultants for the above named debtor. In furtherance of his position, the U.S. Trustee states the following:

  1. Pursuant to Loc. R. Bankr. P. 2014-1(b) the Debtor in this case filed an application for approval of the employment of KPMG as Auditors and Tax Consultants for the bankruptcy estate with the court on April 5, 2010. (Application)

  2.  The Application provides that KPMG will be employed "as auditors and tax consultants for the Debtor" Application, ¶3. And "KPMG has on occasion provided certain necessary audit services to the Debtor in the past." Application, ¶5.

  3. The Application and supporting documentation state, *inter alia*, that KPMG holds a pre petition claim of $53,717[1], that audit procedures will also be conducted for a related entity known as Schwing Bioset, Inc., (which is required for consolidation); that disputes over the engagement will be arbitrated in New York; and that KPMG represents certain claimants with claims against the Debtor in excess of $20,000.00.

---

  [1]The supporting 2014(a) statement of Benjamin B. Reinhardt provides that KPMG will waive its pre petition claim if the employment is approved.

4. The Application also includes the unsworn declaration of Benjamin B. Reinhardt, a KPMG partner, as required by Fed. R. Bankr. P. 2014(a). The Reinhardt Declaration states, *inter alia*, that KPMG will waive its pre-petition claim of $53,717 upon approval of the engagement. It also includes a list (Exhibit A) setting forth KPMG's other clients with claims in excess of $20,000 who are creditors in this case. Specifically, there are 32 different clients listed, including Wells Fargo Bank, NA; Wells Fargo Equipment Finance; Bank of America and Deutsche Leasing USA, Inc. In addition, there may also be other creditors with claims against the Debtor that are less than $20,000 which KPMG also represents.

OBJECTIONS

5. The United States Trustee submits that KPMG is not eligible to represent the Debtor because it also represents numerous interests adverse to the estate. See 11 U.S.C. §327(a). Specifically, it represents substantial creditors, including Wells Fargo Equipment Finance, Deutsche Leasing, and others who are not only creditors, but who have taken major adverse positions to the Debtor in this case. In fact each and every one of the 32 different creditors listed on Exhibit A to the Reinhardt Declaration as being represented by KPMG is a basis for denial of the Application. Further, since the Application only discloses represented creditors holding claims against the Debtor in excess of $20,000, additional cause exists to deny the Application to the extent KPMG represents other entity that holds a claim against the Debtor for less than $20,000[2].

6. Under 11 U.S.C. §327(a), the estate may only employ a professional such as an accountant which does not hold or represent an interest adverse to the estate. Here, KPMG

---

[2]There is no dollar threshold for disqualifying representations adverse to the estate.

maintains such representations. Further, there is no exception for accountants under §327(e) for adverse representations unrelated to the matters for which they are employed. Given its adverse representations, KPMG is not qualified to be hired by the estate.

7. In addition, the Application is ambiguous insofar as it also purports to hire KPMG for handling matters for Schwing Bioset, Inc., whose relationship to this Debtor is completely unknown. Without further disclosure, the employment also cannot be approved. Moreover, to the extent Schwing Bioset obtains services from KPMG, it and not this Debtor should pay for such services and there must be a clear demarcation of services for both entities.

8. Also, the provision for arbitration in New York for disputes arising from the engagement is wholly improper and this court should have final control over any employment relationship.

9. Finally, it is not clear that the audit fees $165,000 to $185,000, plus the tax consulting services (not to exceed $46,750) can be paid given that the Debtor is subject to very limited parameters for the use of its secured creditors' cash collateral.

10. The waiver of KPMG's pre-petition claim against the estate appears to resolve the otherwise disqualifying fact that KPMG holds an interest adverse to the estate.

11. Pursuant to Loc. R. Bankr. P. 2014-1(b) the United States Trustee requests that if the Debtor wishes to pursue the proposed employment, it should schedule a hearing and notify the undersigned of the hearing date and time.

WHEREFORE, the United States Trustee makes this report and recommendation against the employment of KPMG, Inc. as Auditors and Tax Consultants to the Debtor. The United States Trustee recommends that the proposed employment be disallowed.

Dated: April 7, 2010                    HABBO G. FOKKENA
                                        United States Trustee
                                        Region 12

                                  By:   _e/Michael R. Fadlovich_____
                                        MICHAEL R. FADLOVICH
                                        Trial Attorney
                                        MN Attorney I.D. No. 158410
                                        U.S. Trustee's Office
                                        Suite 1015 U.S. Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN  55415
                                        (612) 664-5500

# CERTIFICATE OF SERVICE

In re:                                    )
                                          )
    SCHWING AMERICA, INC.           )     Bky # 09-36760
                                          )
                                          )     Chapter 11 Bankruptcy Case
                                          )

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on April 7, 2010, he caused to be served a copy of the attached: United States Trustee's Recommendation Opposing Employment of KPMG, LLP, with proposed order, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota. Other parties were served via the court's CM/ECF system.

**SCHWING AMERICA, INC.**
5900 CENTERVILLE ROAD
ST. PAUL, MN 55127

Thomas Flynn
Larkin Hoffman Daly & Lindgren
7900 Xerxes Ave South
Suite 1500
Bloomington, MN 55431

Construction Forms, Inc.
777 Maritime Drive
PO Box 308
Port Washington, WI 53074

Dan Beck, Eqq.
Winthrop & Weinstein
Suite 3500
225 S. Sixth Street
Minneapolis, MN 55402-4629

Michael L Meyer
Ravich Meyer Kirkman McGrath Nauman
4545 IDS Center
80 South Eighth St.
Minneapolis, MN 55402

**Kolstad Company, Inc.**
8501 Naples St NE
Blaine, MN 55449

Saga Advertising & Marketing Inc.
570 Old Hwy 8 NW
New Brighton, MN 55112

**By:** <u>e/Michael R. Fadlovich</u>
Michael R. Fadlovich
Trial Attorney
MN Atty I.D. No. 158410
U.S. Trustee's Office
300 South Fourth St., #1015
Minneapolis, MN  55415
(612) 664-5500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.

Debtor(s).

) Chapter 11 Case
) Bankruptcy No. 09-36760
)
)
)  ORDER
)
)

This case came before the court on the application by the debtor for an order approving the employment of KPMG, LLP as auditors and tax consultants for the debtor in possession in the above entitled case. Michael R. Fadlovich appeared on behalf of the United States Trustee. Other appearances were noted in the record.

Based upon the arguments of counsel, the findings of the court on the record, and all of the files, records and proceedings herein, it is ORDERED:

That the debtor's application to approve the employment of KPMG, LLP is denied.

_____
NANCY C. DREHER
Chief United States Bankruptcy Judge