**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

SCHWING AMERICA, INC.                    Bky Case No. 09-36760
                                         Chapter 11
      Debtor.

**DEBTOR'S PLAN OF REORGANIZATION**

**April 26, 2010**

    Schwing America, Inc., debtor and debtor in possession in the above-referenced chapter 11 case ("Debtor") proposes the following plan of reorganization pursuant to chapter 11 of the United States Bankruptcy Code.

**ARTICLE 1.**

**DEFINITIONS AND INTERPRETATION**

    **1.1** <u>**Definitions**</u>. The capitalized terms used herein shall have the respective meanings set forth below and in the United States Bankruptcy Code.

    **(a)** "Administrative Claim" means a claim for a cost or expense of administration of the Chapter 11 Case allowed under Section 503(b) of the Bankruptcy Code.

    **(b)** "Bar Date" means the date fixed by order of the Bankruptcy Court by which a proof of claim must be filed against Debtor; to wit, March 29, 2010 for governmental units and February 22, 2010 for all others.

    **(c)** "Confirmation Date" means the date on which the Confirmation Order becomes a Final Order.

    **(d)** "Distribution Date," when used with respect to each claim, means as soon as practicable after the later of (i) the Effective Date, but not later than ten business days thereafter, or (ii) the first business day of the next calendar month after the date upon which the claim becomes an allowed claim.

    **(e)** "Effective Date" means and shall occur on July __, 2010.

    **(f)** "Final Order" means an order of the Court, which has not been timely appealed or, if appealed, no stay of the order's effectiveness has been entered.

**(g)** "Petition Date" means September 28, 2009.

**(h)** "Reorganized Debtor" means the Debtor as of the Effective Date after confirmation of the Plan.

**1.2** **Interpretation**. Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

**1.3** **Application of Definitions and Rules of Construction Contained in the Bankruptcy Code**. Words and terms defined in Section 101 of the Bankruptcy Code shall have the same meaning when used in the Plan. The rules of construction in Section 102 of the Bankruptcy Code apply to construction of the Plan.

## ARTICLE 2.

## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

**2.1** **Claims and Equity Interests Classified**. For purposes of organization, voting, and all Plan confirmation matters, except as otherwise provided herein, all claims (except for Administrative Claims and Priority Tax Claims) and all equity interests shall be classified as set forth in Section 2.3 of the Plan.

**2.2** **Administrative Claims and Priority Tax Claims**. As provided by Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims against Debtor or its bankruptcy estate shall not be classified for purposes of voting or receiving distributions under the Plan. Rather, all such claims shall be treated separately as unclassified claims on the terms set forth in Article 5 of the Plan. It is expected that these claims will be limited to professional fees in this case which are not expected to exceed $50,000, net of retainers.

**2.3** **Claim Classification**. The Plan classifies the claims as follows:

**(a)** Class 1 - Priority Non-Tax Claims.

**(b)** Class 2A - Claim of Wells Fargo Bank, NA and Bank of America ("Wells Fargo") secured by a first priority security interest in the Debtor's assets including accounts, inventory, equipment, real estate and general intangibles. The principal amount of this claim is $27,814,808.57.

**(c)** Class 2B – Claim of De Lage Landen Financial secured by a security interest in the Debtor's Dell Network. The principal amount of this claim is $22,079.52.

**(d)** Class 2C – Claim of Wells Fargo Equipment Finance secured by a security interest in a Freeman Custom Display Booth. The principal amount of this claim is $85,458.17.

**(e)** Class 2D – Claim of Wells Fargo Equipment Finance secured by a security interest in a paint booth. The principal amount of this claim is $57,342.68.

**(f)** Class 2E - Claim of Wells Fargo Equipment Finance secured by a security interest in an abrasive blast full reclaim system. The principal amount of this claim is $101,123.72.

**(g)** Class 3 - Convenience Class Claims. Any unsecured claim that is filed or scheduled in the amount of $500 or less, or reduced by the holder of such unsecured claim to that amount by election on the ballot

**(h)** Class 4 - All other unsecured claims against Debtor which are not held by an insider.

**(i)** Class 5 – Unsecured claims held by insiders.

**(j)** Class 6 - All equity interests in Debtor.

### ARTICLE 3.

### IDENTIFICATION OF IMPAIRED CLASSES
### OF CLAIMS AND EQUITY INTERESTS

**3.1** **Unimpaired Classes of Claims**. The Class 1 and Class 2A claims and the Class 6 equity interests are not impaired under the Plan.

**3.2** **Impaired Classes of Claims and Equity Interests**. With the exception of the unimpaired classes specified in Section 3.1, all classes of claims are impaired under the Plan.

### ARTICLE 4.

### TREATMENT OF
### CLASSES OF CLAIMS

**4.1** **Claims**. The classes of claims against Debtors shall be treated as follows:

**(a)** **Class 1 - Priority Non-Tax Claims**. The Debtor has no Priority Non-Tax Claims except accrued and unused vacation pay of approximately $554,355. All holders of such claims who remain employees of the Debtor will receive payment by continuing to receive such vacation pay in the ordinary course of business. To the extent that such holders are not longer employed by Debtor, each holder of a Priority Non-Tax Claim against Debtor shall receive on the Distribution Date (i) the amount of such holder's Allowed Claim in one cash payment, not to exceed $10,950 in the case of wages, salaries and commissions; or (ii) such other treatment as may be agreed upon in writing by Debtor and such holder. The amount of this payment will be approximately $284,690.

**(b)** **Class 2A – Secured Claim of Wells Fargo**. The Class 2A claim is in the principal amount of $27,814,808.57. The Class 2A claim will be paid in full on the Effective Date.

3

**(c)** **Class 2B-Secured Claim of De Lage Landen Financial.** Commencing on the Effective Date, the Debtor shall make monthly payments of $3,128.67 until the Class 2B claim is paid in full. The interest rate and other terms of the documents governing the Class 2B claim shall remain unchanged except as provided in this Plan.

**(d)** **Class 2C-Secured Claim of Wells Fargo Equipment Finance.** Commencing on the Effective Date, the Debtor shall make monthly payments of $8892.93 until the Class 2C claim is paid in full. The interest rate and other terms of the documents governing the Class 2C claim shall remain unchanged except as provided in this Plan.

**(e)** **Class 2D-Secured Claim of Wells Fargo Equipment Finance.** Commencing on the Effective Date, the Debtor shall make monthly payments of $3,917.87 until the Class 2D claim is paid in full. The interest rate and other terms of the documents governing the Class 2D claim shall remain unchanged except as provided in this Plan.

**(f)** **Class 2E-Secured Claim of Wells Fargo Equipment Finance.** Commencing on the Effective Date, the Debtor shall make monthly payments of $6623.65 until the Class 2E claim is paid in full. The interest rate and other terms of the documents governing the Class 2E claim shall remain unchanged except as provided in this Plan.

**(g)** **Class 3 – Unsecured Convenience Class Claims.** Class 3 Claims total approximately $33,000. Each holder of an Allowed Convenience Claim shall receive on the Effective Date, or as soon thereafter as is practicable, in full and complete satisfaction, settlement and release of and in exchange for such allowed Convenience Claim cash equal to 100% of such Allowed Convenience Claim.

**(h)** **Class 4 – General Unsecured Claims.** The Class 4 claims are estimated to total approximately $8.7 million. In full satisfaction of each Class 4 claim, the holder shall receive 100% of the allowed amount of the claim, without interest, payable over 24 months in equal quarterly installments commencing on the Effective Date and then on the same day of each succeeding third month until paid in full.

**(i)** **Class 5 – Insider Unsecured Claims.** The Class 5 claims total approximately $52.6 million. Payment of the Class 5 Claims shall be subordinate and occur after payment of the Class 3 and 4 Claims. The terms of repayment of the Class 5 claims will be determined based on the Debtor's cash flow after the Class 3 and 4 claims are paid in full.

**(j)** **Class 6 – Equity Interests.** All Class 6 equity interests in Debtor shall remain in place and continue to be held by the holder thereof.

## ARTICLE 5.

## PROVISIONS FOR TREATMENT OF UNCLASSIFIED CLAIMS

**5.1　Administrative Claims**.　Each holder of an allowed Administrative Claim (except any such holder that agrees to different treatment) shall receive the full amount of such claim, in cash, on the Distribution Date; provided, however, that allowed Administrative Claims representing (a) postpetition liabilities incurred in the ordinary course of business by the Debtor and (b) postpetition contractual liabilities arising under loans or advances to the Debtor, whether or not incurred in the ordinary course of business, shall be paid by the Reorganized Debtor in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements relating thereto.

**5.2　Treatment of Priority Tax Claims**. If any party holds a priority tax claim, in full satisfaction of its claim, it shall receive payment of that claim in 24 equal quarterly installments (representing payment of the claim plus interest at the applicable federal rate of ____% per annum) commencing on the first day of the third full month following the Effective Date and continuing on the first day of each consecutive calendar quarter thereafter until a total of 24 payments have been made.

**5.3　United States Trustee Fees**.　Fees payable by Debtor under 28 U.S.C. § 1930 will be paid in full on the Effective Date.　In addition, following confirmation, the Debtor will timely pay all fees incurred pursuant to 28 U.S.C. §§1930(a)(6) and will file with the Court and serve on the U.S. Trustee a monthly financial report in the prescribed format, for each month or part thereof that the Case remains open.

## ARTICLE 6.

### ACCEPTANCE OR REJECTION OF
### PLAN; EFFECT OF REJECTION
### BY ONE OR MORE CLASSES OF CLAIMS

**6.1　Classes Entitled to Vote**.　Each impaired class of claims shall be entitled to vote to accept or reject the Plan.　All unimpaired classes shall not be entitled to vote to accept or to reject the Plan.

**6.2　Class Acceptance Requirement**.　A class of Claims shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that vote on the Plan.

**6.3　Cramdown**.　The Debtor requests that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

## ARTICLE 7.

### MEANS FOR EXECUTION OF THE PLAN

**7.1　Continuation of Debtor's Business.**　Debtor will continue to operate its business in the ordinary course.　Payments required by this Plan will be made from the cash flow generated by the operation of that business and from the refinancing described in the following section of this Plan.

**7.2    Refinancing of the Debtor.**  On the Effective Date, the Debtor will receive a intercompany loan of $22 million from the Debtor's parent, Schwing GmbH (the "New Financing").  Along with the Debtor's cash, the New Financing will provide the funds necessary to pay the Class 2A claim in full.

**7.3    Revesting of Property.**  On the Effective Date, all property of the Debtor shall vest in the reorganized Debtor, free and clear of all Claims, Interests, liens, charges or other encumbrances, except as may be otherwise provided herein.

**7.4    Amendment of the Debtors' Governance Documents.**  The Debtor's corporate documents shall be amended and all action taken to**:**

**(a)**    prohibit the issuance of non-voting equity securities; and

**(b)**    provide to such provisions, terms and conditions necessary to comply, conform with, and implement the terms, conditions and requirements of the Plan.

**7.5    Compensation and Benefit Programs.**  All employment and severance practices and policies, employment agreements or understandings, (including, without limitation, any and all collective bargaining agreements), and all compensation and benefit plans, policies, and programs of the Debtor applicable to its directors, officers, managers and employees who served as directors, officers, managers and/or employees before or after the Petition Date, if any, including, without limitation, all savings plans, retirement plans, health care plans, severance benefit plans, incentive plans, workers' compensation programs and life, disability and other insurance plans, are treated as executory contracts under the Plan and are hereby assumed in accordance with Article 9 of the Plan as of the Effective Date pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code.

# ARTICLE 8.

# PROVISIONS GOVERNING DISTRIBUTIONS

**8.1    Date of Distributions**.  Any distributions and deliveries to be made under the Plan shall be made on the Distribution Date, except as otherwise provided for herein, or as may be ordered by the Bankruptcy Court.  Distributions and deliveries to be made on a Distribution Date shall be deemed made on the Distribution Date if made on the Distribution Date or within ten days after the Distribution Date, except as otherwise provided for herein or as may be ordered by the Bankruptcy Court.

**8.2    Means of Cash Payment**.  Cash payments made pursuant to the Plan by check drawn on a domestic bank, or by wire transfer from a domestic bank.

**8.3    Delivery of Distributions**.  Subject to Bankruptcy Rule 9010, distributions and deliveries to holders of Allowed Claims shall be made at the address of each such holder as set forth on the proofs of claim filed by such holders (or at the last known addresses of such holders if no proof of claim is filed or if Debtor has been notified of a change of address).  If any holder's distribution is returned as undeliverable no further distribution to such holder shall be made unless and until the Reorganized Debtor is notified of such holder's then current address, at which time all missed distributions shall be made to such holder without interest.

# ARTICLE 9.

## TREATMENT OF EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES

9.1     **Rejected If Not Assumed**.  The Plan constitutes and incorporates a motion by Debtor to reject all executory contracts and unexpired leases to which Debtor is a party, except for any contract or lease that (a) has been assumed or rejected pursuant to Final Order of the Bankruptcy Court, (b) is specifically designated on the attached **Exhibit 9.1** as a contract to be assumed under the Plan with the amount to be paid to cure any defaults under those contracts and leases as set forth on **Exhibit 9.1**, or (c) is the subject of a motion to assume or reject that is filed with the Bankruptcy Court not later than five (5) business days before the date when the Ballot is due.  The Confirmation Order shall represent and reflect an order of the Bankruptcy Court approving such assumptions and rejections as of the Effective Date and further approving the cure amounts listed on **Exhibit 9.1** as the sums sufficient to cure all defaults under those contracts and leases.

9.2     **Bar to Rejection Damages**.  If the rejection of an executory contract or unexpired lease by Debtor results in damages to the other party or parties to such contract or lease, the Claim for such damages, if not heretofore evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against Reorganized Debtor or its properties unless a proof of claim is filed with the Bankruptcy Court and served upon counsel for Debtor within thirty (30) days after entry of the Confirmation Order.

# ARTICLE 10.

## PROCEDURES FOR RESOLVING
## AND TREATING CONTESTED CLAIMS

10.1     **Objection Deadline**.  As soon as practicable, but in no event later than the deadline established by the Bankruptcy Court, objections to claims shall be filed with the Bankruptcy Court and served upon the holders of each of the claims to which objections are made.

10.2     **Prosecution of Objections**.  After the date of entry of the Confirmation Order, only Reorganized Debtor shall have the authority to file, litigate, settle, or withdraw objections to claims to which objections are filed (the "Contested Claims").

10.3     **No Distributions Pending Allowance**.  Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any Contested Claim unless and until such Contested Claim becomes an allowed claim.

10.4     **Administrative Claims Bar Date**.  Confirmation of the Plan establishes a bar date for Administrative Claims, which bar date shall be thirty (30) calendar days after the Effective Date.  Holders of Administrative Claims that are not paid on the Effective Date may file a motion for payment of administrative expense on or before such bar date.  The Reorganized Debtor and any other party in interest will have sixty (60) days after the

Administrative Claims bar date to review and object to such Administrative Claims before a hearing for determination of such claims is held by the Bankruptcy Court.

## ARTICLE 11.

## MISCELLANEOUS PROVISIONS

**11.1 Prepayment**. Unless the Plan shall otherwise provide, the Reorganized Debtor shall have the right to prepay, without penalty, all or any portion of an allowed claim at any time.

**11.2 Compliance with Tax Requirements**. In connection with the Plan, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by federal, state, local, and foreign taxing authorities and all distributions hereunder shall be subject to such withholding and reporting requirements.

**11.3 Compliance with All Applicable Laws**. If notified by any governmental authority that the Reorganized Debtor is in violation of any applicable law, rule, regulation, or order of such governmental authority relating to its businesses, the Reorganized Debtor shall comply with such law, rule, regulation, or order; provided, however, that nothing contained herein shall require such compliance by the Reorganized Debtor where the legality or applicability of any such requirement is being contested in good faith in appropriate proceedings by the Reorganized Debtor, and, if appropriate, for which an adequate reserve has been set aside on the books of the Reorganized Debtor.

**11.4 Setoffs**. The Reorganized Debtor, may, but shall not be required to, set off against any claim, and the payments or other distributions to be made pursuant to the Plan in respect of such claim, claims of any nature whatsoever that Debtors or Reorganized Debtor may have against the holder of such claim, but neither the failure to do so nor the allowance of any claim hereunder shall constitute a waiver or release by Debtors of any such claim that Debtors or the Reorganized Debtor may have against such holder.

**11.5 Recognition of Guarantee Rights**. The classification of and manner of satisfying all claims under the Plan take into consideration (a) the existence of guarantees by Debtors of the obligations of other persons and (b) the fact that Debtors may be joint obligors with another person or persons with respect to one or more obligations. All claims against Debtors based upon any such guarantees or joint obligations shall be discharged in the manner provided in the Plan.

## ARTICLE 12.

## CONSUMMATION OF THE PLAN

**12.1 Retention of Jurisdiction**.

**(a)** The Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for purposes (i) through (x) below:

**(i)** To determine any and all objections to and proceedings involving the allowance, estimation, classification, and subordination of claims;

> **(ii)** To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan;
>
> **(iii)** To determine any applications pending on the Effective Date for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which Debtor is a party or with respect to which Debtors may be liable, and to hear and determine, and if need be to liquidate, any and all claims arising therefrom;
>
> **(iv)** To determine any and all applications, adversary proceedings, and contested or litigated matters that may be pending on the Effective Date.
>
> **(v)** To consider any modifications of the Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;
>
> **(vi)** To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or any person's obligations hereunder;
>
> **(vii)** To consider and act on the compromise and settlement of any claim against or cause of action by or against Debtors' estate;
>
> **(viii)** To issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code; or
>
> **(ix)** To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with the Plan, the Confirmation Order, the Effective Date or the Distribution Date.
>
> **(x)** To determine all adversary proceedings commenced by Debtors or Reorganized Debtor to recover money or property under Chapter 5 of the Bankruptcy Code.

**(b)** If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of or relating to this Chapter 11 Case, this section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**12.2 Modification of Plan**. Debtor may propose modifications of the Plan in writing at any time before confirmation, provided that (a) the Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code; and (b) Debtor shall have complied with Section 1125 of the Bankruptcy Code. The Plan may be modified at any time after confirmation and before its substantial consummation only by Debtor provided that (a) the Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code; (b) the Bankruptcy

Court, after notice and a hearing confirms the Plan as modified under Section 1129 of the Bankruptcy Code; and (c) the circumstances warrant such modification. A holder of a claim or equity interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

## ARTICLE 13.

## EFFECTS OF PLAN CONFIRMATION

**13.1 Discharge and Injunction.** Confirmation of the Reorganization Plan results in a discharge of the Debtor pursuant to Section 1141(d) of the Bankruptcy Code. That discharge shall occur on the Effective Date. The discharge provided herein operates, among other things, as an injunction as provided in Section 524 of the Bankruptcy Code.

**13.2 No Liability for Tax Claims.** Unless a taxing authority has asserted a claim against the Debtor before the bar date established therefor, no claim of such authority shall be allowed against them for taxes, penalties or interest arising out of the failure, if any, of the Debtor to have filed any tax return, including, but not limited to, any income tax return or franchise tax return in any prior year or arising out of an audit of any return for a period before the Petition Date.

**13.3 Revesting.** Except as otherwise expressly provided in this Plan, on the Effective Date, the Reorganized Debtor shall be vested with all of the assets and property of their former Estate, free and clear of all claims, Liens, encumbrances, charges and other interests of holders of claims or Interests, and may operate its business free of any restrictions imposed by the Bankruptcy Code or by the Bankruptcy Court.

**13.4 Disallowed Claims and Disallowed Interests.** On and after the Effective Date, the Debtor shall be fully and finally discharged of any liability or obligation on a disallowed claim or a disallowed Interest, and any order creating a disallowed claim or a disallowed Interest which is not a Final Order as of the Effective Date solely because of a Person's or Governmental Unit's right to move for reconsideration of such order pursuant to Section 502 of the Bankruptcy Code or Bankruptcy Rule 3008 shall nevertheless become and be deemed a Final Order on the Effective Date.

Respectfully submitted,

Dated: April 26, 2010

SCHWING AMERICA, INC.

By _____
Brian Hazelton, Chief Executive Officer

10

Dated:  April 26, 2010					RAVICH MEYER KIRKMAN
							McGRATH NAUMAN & TANSEY,
							A PROFESSIONAL ASSOCIATION

							By	Michael L. Meyer (72527)
								Will R. Tansey (323056)

							4545 IDS Center
							80 South Eighth Street
							Minneapolis, MN 55402

							ATTORNEYS FOR DEBTOR

**EXHIBIT 9.1 TO PLAN OF REORGANIZATION**

**ASSUMPTION OF CONTRACTS**

**[to be determined]**