UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.            Case No. 09-36760
                                            Chapter 11
               Debtor.

**NOTICE OF EXPEDITED HEARING AND MOTION FOR AUTHORITY TO
SELL PROPERTY FREE AND CLEAR OF INTERESTS
AND TO PAY RELATED SECURED CLAIM**

TO:     The entities specified in Local Rule 9013-3

      1.      Schwing America, Inc. ("Debtor"), through its undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

      2.      The court will hold a hearing on this motion at **10:30 a.m. on June 17, 2010,** before the Honorable Nancy C. Dreher, Courtroom 7W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

      3.      Any response to this Motion must be filed and served not later than the time set for the hearing. **Unless a response opposing the Motion is timely filed, the Court may grant the relief requested in the Motion without a hearing.**

      4.      This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This matter is a core proceeding. The petition commencing this case was filed on September 28, 2009 (the "Filing Date"). This case is now pending before this Court.

5. This motion arises under 11 U.S.C. §§363 and 365 and Bankruptcy Rule 6004. This motion is filed under Bankruptcy Rules 9013 and 9014 and Local Rule 9013. Debtor seeks relief with respect to the sale of its real property free and clear of interests pursuant to 11 U.S.C. §363(f).

6. Debtor is a Minnesota corporation primarily engaged in the business of leasing cranes to contractors in the construction industry.

7. Debtor holds in inventory a concrete pump mounted on a chassis supplied to the Debtor by Nuss Truck Group, Inc. ("Nuss"). The model number of the pump is KVM 39X-125 and the serial number is 170520646 (the "Pump").

8. Debtor seeks authority to sell the Pump in the ordinary course of its business to JP Equipment Co., LLC, an entity not affiliated with the Debtor, for a price of $450,000.21, $10,000 of which has already been paid in a down payment and deposited in the Debtor's collateral account.

9. The chassis on which the Pump is mounted is subject to a purchase money security interest held by Nuss, which was perfected and constitutes a first lien on the chassis. The lien secures a claim in the amount of $93,000.

10. Other than the chassis, the Pump is subject to a first-priority security interest in favor of Wells Fargo Bank ("Wells Fargo") in connection with the Debtor's working capital financing and which is the subject of various orders permitting use of cash collateral in this case.

11. The remaining proceeds of sale are proposed by the Debtor to be applied as follows: (i) to pay $93,000 to Nuss to satisfy its purchase money security interest; and (ii) to deposit the remaining balance in the collateral account at Wells Fargo subject to the terms of the pending cash collateral order.

12. This transaction results in a number of benefits to the estate in that it allows the Debtor to sell inventory on favorable terms and pay down debt as a result.

13. The priority of the security interest of Nuss is contested in a pending adversary proceeding commenced by Wells Fargo. However, Wells Fargo's claim will be paid in full under the terms of the Debtor's plan on which a confirmation hearing will be held on July 13, 2010. The Debtor's believes that this dispute should not prohibit or impair the pending sale of the Pump. Payment of the Nuss claim related to the chassis is necessary to permit title to the chassis to pass to the buyer.

14. An expedited hearing on this hearing is necessary. If this transaction does not close by June 24, 2010, the sale may be lost.

**WITNESS**

15. Debtor reserves the right, if necessary, to offer the testimony of Brian Mogensen, the Chief Financial Officer of Debtor, in support of the Motion.

**WHEREFORE**, Debtor requests the Court to enter an order (i) approving the sale of the Pump in the ordinary course of the Debtor's business, (ii) authorizing $93,000 of the proceeds of sale to be paid to Nuss and the remainder deposited into the Debtor's collateral account as provided herein, and (iii) according such further relief as the Court deems just and equitable.

Dated: June 9, 2010
RAVICH MEYER KIRKMAN
McGRATH NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/ Michael L. Meyer (72527)
   Will R. Tansey (0323056)

4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-8511
ATTORNEYS FOR DEBTOR

# VERIFICATION

I, Brian Mogensen, the Chief Financial Officer of Debtor, declare under penalty of perjury that the facts set forth in the foregoing Notice of Expedited Hearing and Motion for Order Authority to Sell Property Free and Clear of Interests and to Pay Related Secured Claim, are true and correct according to the best of my knowledge, information and belief.

Executed on: June 8, 2010

Brian Mogensen

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:

SCHWING AMERICA, INC.,                      Case No. 09-36760
                                                        Chapter 11
                Debtor.

**MEMORANDUM OF LAW**

Schwing America, Inc. ("Debtor") submits this Memorandum of Law in Support of its Motion for Authority to Sell Property Free and Clear of Interests and to Pay Related Secured Claim and for expedited hearing thereon. A hearing has been scheduled to consider the motion at **10:30 a.m. on June 17, 2010.**

## FACTS

The underlying facts are set forth in the verified Motion and are incorporated herein. Capitalized terms not defined herein have the definition set forth in the Motion.

## LEGAL ARGUMENT

### Sales Free and Clear of Liens, Claims and Interests

Under § 363(f) of the Bankruptcy Code, a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

> applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> such entity consents;
>
> such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;
>
> such interests is in bona fide dispute; or

> such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

In this case, the sale of inventory is in the ordinary course of the Debtor's business. As such, the sale is free and clear of the liens of Nuss and Wells Fargo under Minn. Stat. §§ 336.9-320 and 336.2-403. Therefore, even though there may be a dispute as to who is entitled to sale proceeds, the sale can occur.

Pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(d), the notice provisions of required by the Bankruptcy Code and Rules may be reduced for cause shown. Based upon the facts alleged in the Motion, cause exists to hear this Motion on an expedited basis. If the sale is not approved on an expedited basis, the sale will be lost to the detriment of the Debtor and its estate.

Therefore, the Debtor requests that the sale be approved.

Dated: June 9, 2010

RAVICH MEYER KIRKMAN
McGRATH NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/ Michael L. Meyer (72527)
    Will R. Tansey (0323056)

4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-8511

ATTORNEYS FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.           Bky Case No. 09-36760
                                                      Chapter 11
              Debtor.

## UNSWORN CERTIFICATE OF SERVICE

        I, Michael L. Meyer, declare under penalty of perjury that on June 9, 2010, copies of Debtor's:

1. Notice of Expedited Hearing and Motion for Authority to Sell Property Free and Clear of Interests and to Pay Related Secured Claim
2. Memorandum of Law; and
3. Proposed Order Approving Sale of Property Free and Clear of Interests;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated: June 9, 2010          By: /e/    Michael L. Meyer (72527)

                                             Ravich Meyer Kirkman McGrath
                                             Nauman & Tansey, P.A.
                                             4545 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN 55402
                                             (612) 332-8511

                                             ATTORNEYS FOR DEBTOR

ELECTRONIC
MICHAEL R FADLOVICH
UNITED STATES TRUSTEE
1015 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

MINN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY / P O 64447
ST PAUL MN 55164

INTERNAL REVENUE SERVICE
ATTN SPECIAL PROCEDURES
WELLS FARGO PL STOP 5700
30 EAST SEVENTH
ST PAUL MN 55101

IRS DISTRICT COUNSEL
650 GALTIER PLAZA
380 JACKSON STREET
ST PAUL MN 55101

US ATTORNEY
600 U S COURHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

ELECTRONIC
SCHWING AMERICA INC
ATTN BRIAN MOGENSEN
5900 CENTERVILLE ROAD
ST PAUL MN 55127

ELECTRONIC
WELLS FARGO BANK NA
C/O DANIEL C BECK / MICHAEL A ROSOW
WINTHROP & WEINSTINE PA
225 SOUTH SIXTH STREET STE 3500
MINNEAPOLIS MN 55402

ELECTRONIC
BANK OF AMERICA
C/O DANIEL C BECK
WINTHROP & WEINSTINE PA
225 SOUTH SIXTH STREET STE 3500
MINNEAPOLIS MN 55402

ELECTRONIC
SCHWING GmbH
C/O ROBERT T KUGLER
LEONARD STREET AND DEINARD
150 SOUTH FIFTH STREET STE 2300
MINNEAPOLIS MN 55402

ELECTRONIC  (UCC)
CONSTRUCTION FORMS INC
ATTN TERRY SKEBBA
777 MARITIME DRIVE
P O BOX 308
PORT WASHINGTON WI 53074-0308

ELECTRONIC  (UCC)
KOLSTAD COMPANY
ATTN PAUL O'BRIEN
8501 NAPLES STREET NE
BLAINE MN 55449

ELECTRONIC  (UCC)
SAGA ADVERTISING & MARKETING INC
ATTN MARK JUNKERSFELD
570 OLD HWY 8 NW
NEW BRIGHTON MN 55112

ELECTRONIC (UCC ATTY)
THOMAS J FLYNN
LARKIN HOFFMAN DALY & LINDGREN LTD
1500 WELLS FARGO PLAZA
7900 XERXES AVENUE SOUTH
MINNEAPOLIS MN 55431

ELECTRONIC
ENGINEERED CHASSIS SYSTEMS LLC
C/O MICHAEL S DIETZ
DUNLAP & SEEGER PA
206 SOUTH BROADWAY   STE 505
P O BOX 549
ROCHESTER MN 55903-0549

ELECTRONIC
NUSS TRUCK GROUP INC
C/O MICHAEL S DIETZ
DUNLAP & SEEGER PA
206 SOUTH BROADWAY   STE 505
P O BOX 549
ROCHESTER MN 55903-0549

ELECTRONIC
CONSTRUCTION FORMS INC
C/O DANIEL W BOERIGTER
YOST & BAILL LLP
220 SOUTH SIXTH STREET  STE 2050
MINNEAPOLIS MN 55402

ELECTRONIC
CONSTRUCTION FORMS INC
C/O ROBERT BRESSLER / MICHAEL SMALL
FOLEY & LARDNER LLP
321 NORTH CLARK STREET   STE 2800
CHICAGO IL 60654

ELECTRONIC
BOLLIBOKKA LAND COMPANY
C/O JEFFREY A KRIEGER
GREENBERG GLUSKER FIELDS
  CLAMAN & MACHTINGER LLP
1900 AVENUE OF THE STARS  STE 2100
LOS ANGELES CA 90067

ELECTRONIC
VW CREDIT, INC.
C/O JOE M LOZANO JR
BRICE VANDER LINDEN & WERNICK PC
9441 LBJ FREEWAY   STE 350
DALLAS TX 75243

ELECTRONIC
DALLAS COUNTY
C/O ELIZABETH WELLER
LINEBARGER GOGGAN BLAIR & SAMPSON
2323 BRYAN STREET   STE 1600
DALLAS TX 75201

ELECTRONIC
FCC EQUIPMENT FINANCING INC
C/O MONICA L CLARK / MICHELLE KREIDLER DOVE
DORSEY & WHITNEY LLP
50 SOUTH SIXTH STREET   STE 1500
MINNEAPOLIS MN 55402-1498

ELECTRONIC
ISTATE TRUCK INC
C/O LEE A HENDERSON
HESSIAN & McKASY PA
222 SOUTH NINTH STREET   STE 4000
MINNEAPOLIS MN 55402

ELECTRONIC
CARY E. BROWN, JR.
C/O LYNN J D WARTSCHOW
MORRIS LAW GROUP PA
7241 OHMS LANES   STE 275
EDINA MN 55439

ELECTRONIC
TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
ATTN: KIMBERLY A WALSH
BANKRUPTCY & COLLECTIONS DIVISION
PO BOX 12548
AUSTIN TX 78711-2548

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

SCHWING AMERICA, INC.,            Case No. 09-36760
                                                    Chapter 11
              Debtor.

## ORDER APPROVING SALE OF PROPERTY
## FREE AND CLEAR OF INTERESTS

This matter came on before the court on Debtor's Motion for Authority to Sell Property Free and Clear of Interests and to Pay Related Secured Claim. Michael L. Meyer appeared for the Debtor and other appearances were as noted in the record. The court, having heard the arguments of counsel, reviewed the documents and pleadings on file, found that sale of the property as provided in the motion is in the best interests of the estate,

**IT IS ORDERED:**

1. The motion for expedited hearing on this matter is granted.

2. The sale of the Pump to JP Equipment Co., LLC on the terms described in the motion is approved and Debtor is authorized to sell the Pump described in the motion, free and clear of the interests, pursuant to 11 U.S.C. §363(f).

3. The Debtor is authorized and directed to pay $93,000 of the sale proceeds to Nuss Truck Group, Inc., to be applied to the claim secured by the chassis as provided in the motion.

4. Notwithstanding Rule of Bankruptcy Procedure 6004(h), this order is effective immediately.

Dated:

                                                           Nancy C. Dreher
                                                           United States Bankruptcy Court